# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:11-CR-231 |
| JERMAINE ROBINSON (2), § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 30, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Tom Gibson. The Government was represented by Robert Arrambide.

Jermaine Robinson was sentenced on October 25, 2013, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 500 grams or more of Cocaine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of IV, was 100 to 125 months. Jermaine Robinson was subsequently sentenced to 67 months of imprisonment to be followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. On August 28, 2013, the sentence was reduced to 60 months of imprisonment followed by a 5-year term of supervised

release, pursuant to 18 U.S.C. §3582(c)(2). On February 25, 2016, Jermaine Robinson completed his period of imprisonment and began service of the supervision term.

On April 20, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 243, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: 1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not leave the judicial district without permission of the Court or probation officer; (3) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (4) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons; and (5) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The Petition alleges that Defendant committed the following acts: (1) On April 13, 2017, while in Caddo Parish, Louisiana, Mr. Robinson was arrested and charged with the offense of Operating a Vehicle While Intoxicated 1st Offense and booked into the Caddo Parish Jail. On November 23, 2018, while in Harrison County, Texas, Jermaine Robinson was arrested and charged with the offenses of Evading Arrest Detention with a Vehicle and Evading Arrest Detention and booked into the Harrison County Jail; (2) On April 13, 2017, Mr. Robinson was arrested while in Caddo Parish, Louisiana. He did not have permission from his probation officer to be in the Western District of Louisiana; (3) On August 5, 2016, Mr. Robinson failed to be present at his approved residence for a home visit as instructed by his probation officer; (4) Mr. Robinson failed to work regularly at a lawful occupation as instructed by his probation officer; and (5) On April 13, 2017, Mr. Robinson failed to refrain from the excessive use of alcohol after he was

arrested and charged with the offense of Operating a Vehicle While Intoxicated 1st Offense while in Caddo Parish, Louisiana.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) allegations of the Petition, save and except the nature of noncompliance dated November 23, 2018. The Government will dismiss the nature of noncompliance dated November 23, 2018. Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed at FMC Carswell, a medical Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 16th day of January, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE